UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

J.C.,

    **Plaintiff**

v.

ROWAN UNIVERSITY SCHOOL OF
OSTEOPATHIC MEDICINE and
ROWAN UNIVERSITY,

    **Defendants**

CIVIL ACTION NO.:

1:17-cv-02778-RBK-KMW

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
TO PROCEED UNDER PSEUDONYM**

---

Clara R. Smit, Esq.
100 Horizon Center Boulevard
Hamilton, NJ 08691
(732) 843-6600

Jo Anne Simon, Esq.
356 Fulton Street
3rd Floor
Brooklyn, NY 11201
(718) 852-3528

# **TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES……………………………………………………………….3

PROCEDURAL HISTORY…………………………………………………………….. 4

FACTUAL BACKGROUND……………………………………………………………4

LEGAL ANALYSIS………………………………………………………….…………..6

    I.     Plaintiff has gone to great lengths to keep the existence of his disabilities private……………………………………………………………………………8

    II.    Plaintiff has a reasonable fear of severe harm that will be avoided if he is allowed to proceed with a pseudonym………………………………………………….………9

    III.   There is a substantial public interest in maintaining the confidentiality of Plaintiff's identity………………………………………………………...………………. 10

    IV.   Permitting Plaintiff to proceed under a pseudonym will not interfere with the public's right to follow the proceedings………………………………………………………11

    V.    There is a high probability that Plaintiff might not pursue his claim due to the stigmatization that may result in his community and to his professional career…….11

    VI.   Plaintiff has no illegitimate or ulterior motives in seeking to sue pseudonymously...12

    VII.  The factors militating against the use of a pseudonym are very weak when compared to the factors supporting Plaintiff's request…………………………………….....12

CONCLUSION………………………………………………………………………….…12

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                          Page(s)

Doe *v. Hartford Life & Accident Ins. Co.,* 237 F.R.D. 545 (D.N.J. 2006)…………..6, 7, 8, 11, 12

Doe v. Megless, 654 F.3d 404 (3d Cir. 2011)……………..………………………………...……6

Doe v. Oshrin 299 F.R.D. 100 (D.N.J. 2014)……………………………………………………6

**Federal Statutes**

42 U.S.C. § 12101……………………………………………………………………………5, 10

**Miscellaneous**

**"**Breaking the Stigma — A Physician's Perspective on Self-Care and Recovery**,"** Hill, A., *N Engl J Med* 2017; 376:1103-1105, 9www.nejm.org/doi/full/10.1056/NEJMp1615974........................................................................9

 "Why doctors are leery about seeking mental health care for themselves," Morris, N., *Washington Post* January 7, 2017*,* www.washingtonpost.com/national/health-science/why-doctors-are-leery-about-seeking-mental-health-care-for-themselves/2017/01/06/b19bc4ba-ad02-11e6-a31b-4b6397e625d0_story.html?utm_term=.d9c427e6902b …………………………………………..9

"Mental health and stigma in the medical profession" (2017) Wallace, Jean E. http://journals.sagepub.com/doi/abs/10.1177/1363459310371080?journalCode=heaa..................9

 "Fear of stigma or sanction keeps many doctors from revealing mental health issues, study finds," (2016). Gold, K., Goldman, E., Schwenk, T., Andrew, L. http://ihpi.umich.edu/news/fear-stigma-or-sanction-keeps-many-doctors-revealing-mental-health-issues-study-finds.....................................................................................................................9

## Procedural History

On April 24, 2017 Plaintiff J. C. (hereinafter "Plaintiff") filed a complaint against the Defendants, Rowan University and Rowan University School of Osteopathic Medicine (hereinafter "RowanSOM" or "Defendants"), alleging discrimination based on disability. Plaintiff simultaneously filed a Motion to Seal requesting permission to proceed under the pseudonym "J.C." The Court denied Plaintiff's motion without prejudice to Plaintiff filing another motion to seal which corrects the deficiencies outlined in the Court's June 7, 2017 order. Plaintiff hereby submits this memorandum of law and attached certification in support of his new motion to proceed under a pseudonym.

## Factual Background

Plaintiff, a private citizen and resident of New Jersey, is a former student of Rowan University School of Osteopathic Medicine. Defendants are post-secondary academic institutions.

Plaintiff was diagnosed with Generalized Anxiety Disorder, Panic Disorder, and Obstructive Sleep Apnea, and experienced symptoms of depression, while in medical school. These physical and mental impairments substantially limit the operation of Plaintiff's brain and substantially limit Plaintiff's ability to read, write, learn, concentrate, process information, communicate, and take tests under the same conditions and time constraints as most people.

Plaintiff has only disclosed his disabilities to very few close friends and family members, and entities that are bound by confidentiality (i.e., Defendants, the United States Department of Justice, legal counsel, and medical professionals).

Plaintiff alleges that Defendants violated the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*, ("ADA"), and other federal, state, and local statutes protecting the rights of individuals with disabilities, by denying him necessary accommodations that were recommended by his doctors.

After being dismissed from medical school by the Defendants, Plaintiff acquired a job at a pharmaceutical research firm. Plaintiff has not had to disclose his disabilities to his current employer because the responsibilities of his position do not require him to work and/or perform the aforementioned major life activities under strict time constraints.

Plaintiff's current employer maintains a policy whereby it performs a detailed background search whenever it considers current employees for promotions or new positions. If Plaintiff were forced to proceed with his full name, Plaintiff would be deprived of his right to keep the existence of his disabilities confidential from current and future employers. Additionally, even if Plaintiff's medical records were sealed, given the causes of action alleged, Plaintiff would still be publicly identified as an individual with disabilities. There is no legal requirement that individuals with disabilities disclose their disabilities to their employers and there is no requirement that disclosure be made to post-secondary academic institutions before an offer of admission is made. In fact, employers and schools are prohibited from forcing individuals with disabilities to disclose their disability status.

Plaintiff has experienced increased anxiety and depression symptoms (including, but not limited to, excessive worry, fear, increased heart rate, difficulty concentrating, and sleep disturbances) since enforcing his civil rights by filing this complaint against Defendants because he fears that he will be subject to discrimination, immediate and future, if his full name is revealed.

5

## Legal Analysis

"It is within a district court's discretion to determine when a party may proceed anonymously." Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 548 (D.N.J. 2006). This Court has held that to proceed under a pseudonym a Plaintiff must establish a reasonable fear of a severe harm and the Court must determine that the Plaintiff's reasonable fear of a severe harm outweighs the public interest to full disclosure. *See* Doe v. Oshrin 299 F.R.D. 100 (D.N.J. 2014). The Third Circuit has endorsed a nine-factor balancing test to be used by district courts to determine whether it is appropriate for Plaintiffs to proceed under a pseudonym. In Doe v. Megless, 654 F.3d 404, 409 – 410 (3d Cir. 2011), the Circuit Court found that the factors to be considered in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Id. (Internal citations omitted). The Circuit Court found that the factors to be considered against anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3)

> whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

(Internal citations omitted). In <u>Doe v. Hartford Life and Acc. Ins. Co.,</u> this Court applied this same nine-factor balancing test and found that the interest of the Plaintiff, an attorney with anxiety disorder and obsessive-compulsive disorder, in remaining anonymous clearly outweighed the public's interest in knowing his full name. The Court explained:

> First, before this litigation commenced, Plaintiff conscientiously kept his illness confidential from his coworkers and colleagues for fear of their reactions and has only revealed his condition to a few close friends, family and his medical providers.
> Second, Plaintiff bases his desire to keep his real name confidential on prior life experiences he has had that have resulted in embarrassment and anxiety that have occurred when others have learned that he is bipolar. Similarly, Plaintiff's condition appears to be severe, and he has articulated concerns that disclosure of his real name will aggravate his condition and result in greater anxiety and stress—concerns that have been substantiated by his doctor, Dr. Printz. Furthermore, a risk of stigmatization is possible if Plaintiff comes out as a bipolar sufferer both in Plaintiff's community and in his career. There is also a risk of stigmatization in Plaintiff's professional life as a lawyer. Most of Plaintiff's coworkers and customers are attorneys who may arguably follow this case and there is a theoretical possibility that their awareness of his illness will result in damage to his professional reputation.
>
> Third, there is substantial public interest in ensuring that cases like the Plaintiffs are adjudicated and the rights of mental illness sufferers are represented fairly and without the risk of stigmatization. However, this goal cannot be achieved if litigants suffering from mental illness are chilled from ever reaching the courthouse steps for fear of repercussions that would ensue if their condition was made public. Although any litigant runs the risk of public embarrassment by bringing their case and revealing sensitive facts in a public courtroom, the situation here is vastly different because Plaintiff's bipolar condition is directly tied to the subject matter of the litigation—his mental illness and the disability benefits he allegedly is entitled to as a mental illness sufferer. In this case, Plaintiff's situation is analogous to a woman seeking an abortion or a homosexual fired from his job because of his sexual orientation…

> Like those litigants, Plaintiff is faced with circumstances that society may not yet understand or accept and his condition is directly tied to the issues before the Court.
>
> Fourth, allowing Plaintiff to proceed under a pseudonym will not interfere with the public's right to follow the proceedings. The proceedings will be kept open to the public while maintaining the confidentiality of Plaintiff's identity.
>
> Fifth, if this Court denies Plaintiff's motion, there exists the possibility that he might not pursue his claim due to the stigmatization that may result in his community and to his professional career. This would preclude the adjudication of a possibly meritorious claim that is ripe and ready for judicial review and frustrate the goal of judicial economy since future litigation will be wasted on an issue that is presently ready for adjudication. Lastly, Plaintiff has no illegal or ulterior motives in keeping his identity confidential, but merely seeks to protect his reputation and not aggravate his medical condition.
>
> In addition, the factors militating against the use of a pseudonym are weak in comparison to the factors supporting its use. The only factor against Plaintiff's use of a pseudonym is the public's general interest in having access to the identity of litigants. However, this interest exists in some respect in all litigation and does not outweigh the strength of the factors in favor of Plaintiff's use of a pseudonym. The issue in this case is primarily a legal one—whether Plaintiff's private interest in anonymity outweighs the presumption of openness in judicial proceedings—and does not turn on the identity of the Plaintiff. Secondly, Plaintiff is not a public figure which would strengthen the public's interest in knowing his identity. Finally, opposing counsel does not object to Plaintiff's proceeding under a pseudonym and offers no evidence that doing so would in any way prejudice or create an undue hardship since the parties are well aware of Plaintiff's identity.

237 F.R.D. 545 at 550-551.

### I.     Plaintiff has gone to great lengths to keep the existence of his disabilities private.

Plaintiff was first diagnosed with his disabilities in medical school. After being dismissed from medical school by the Defendants, Plaintiff acquired a job at a pharmaceutical research firm.

Plaintiff has taken great care to only disclose his disabilities to very few close friends and family members, and entities that are bound by confidentiality (i.e., Defendants, the United States Department of Justice, legal counsel, and medical professionals).  Plaintiff has not disclosed his disabilities to his current employer because the responsibilities of his position do not require accommodations formally provided by the employer.

> II.  **Plaintiff has a reasonable fear of severe harm that will be avoided if he is allowed to proceed with a pseudonym.**

Plaintiff's current employer maintains a policy whereby it performs a detailed background search whenever it considers current employees for promotions or new positions.  If Plaintiff were forced to proceed with his full name, Plaintiff would be deprived of his right to keep the existence of his disabilities confidential from current and future employers.  Additionally, even if Plaintiff's medical records were sealed, given the causes of action alleged Plaintiff would still be publicly identified as an individual with disabilities.  Plaintiff has experienced increased anxiety and depression symptoms (including, but not limited to, excessive worry, fear, increased heart rate, difficulty concentrating, and sleep disturbances) since enforcing his civil rights by filing this complaint against Defendants  because  he fears that he will be subject to severe discrimination, immediate and future, if his full name is revealed.[1]

---

[1] Plaintiff's fears are quite reasonable, as it is well-known that stigma surrounding mental illness, including anxiety disorders and depression, is pronounced in medicine.  See, for example, **"Breaking the Stigma — A Physician's Perspective on Self-Care and Recovery,"** Hill, A., *N Engl J Med* 2017; 376:1103-1105, http://www.nejm.org/doi/full/10.1056/NEJMp1615974; **"**Mental illness-related stigma in healthcare**,"** Knaak, S., Mantler, E., and Szeto, A., *Healthcare Management Forum*, 2017 Mar; 30(2): 111–116**,** Published on-line, doi: 10.1177/0840470416679413; "Why doctors are leery about seeking mental health care for themselves," Morris, N., *Washington Post* January 7, 2017.; https://www.washingtonpost.com/national/health-science/why-doctors-are-leery-about-seeking-mental-health-care-for-themselves/2017/01/06/b19bc4ba-ad02-11e6-a31b-4b6397e625d0_story.html?utm_term=.d9c427e6902b; "Mental health and stigma in the medical profession" (2017) Wallace, Jean E. http://journals.sagepub.com/doi/abs/10.1177/1363459310371080?journalCode=heaa; "Fear of stigma or sanction keeps many doctors from revealing mental health issues, study finds," (2016). Gold, K.,

### III. There is a substantial public interest in maintaining the confidentiality of Plaintiff's identity.

There is no legal requirement that individuals with disabilities disclose their disabilities to their employers and there is no requirement that disclosure be made to post-secondary academic institutions before an offer of admission is made. In fact, the law states that employers and schools are prohibited from forcing individuals with disabilities to answer to disclose their disability status. The ADA was amended by the United States Congress in 2008. The statute, 42 U.S.C.A. § 12101 (a)(1) – (8), explicitly states that Congress found that individuals with disabilities continue to be discriminated against in all areas of life, including, but not limited to, education and employment:

> Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem… discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services... unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination… individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities… census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally… the Nation's proper goals regarding individuals with disabilities are to

---

Goldman, E., Schwenk, T., Andrew, L. http://ihpi.umich.edu/news/fear-stigma-or-sanction-keeps-many-doctors-revealing-mental-health-issues-study-finds

>assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals…

Id. The ADA created a "national mandate for the elimination of discrimination of individuals with disabilities" and this cannot be accomplished if individuals such as Plaintiff J.C., whose disabilities are very similar to the Plaintiff in Doe v. Hartford Life and Acc. Ins. Co., are forced to sacrifice their current employment, and future employment and academic opportunities. Indeed, denying Plaintiff J.C. the ability to proceed as a pseudonym will have a chilling effect on future cases to come.

### IV. Permitting Plaintiff to proceed under a pseudonym will not interfere with the public's right to follow the proceedings.

Plaintiff does not wish to seal the entire case proceedings, he only wishes to conceal his identity by proceeding under a pseudonym. All filings will be otherwise available to the public and will therefore not infringe upon the public's right to follow these proceedings.

### V. There is a high probability that Plaintiff might not pursue his claim due to the stigmatization that may result in his community and to his professional career.

Plaintiff's clinician(s) can verify the impact that this litigation has had on his severe anxiety and depression. Forcing Plaintiff to proceed with his full name will put him in the position of choosing between his health and the enforcement of his civil rights. As previously stated, Plaintiff's current employer has no knowledge of his disabilities. Plaintiff's employer also performs thorough background searches for current employees who are considered for promotions and new positions, and if this case is not allowed to proceed with Plaintiff's name being a

pseudonym, Plaintiff is likely to lose professional and/or academic opportunities, suffer loss of reputation, and be subject to discrimination by those in the medical and medical research fields.[2]

### VI. Plaintiff has no illegitimate or ulterior motives in seeking to sue pseudonymously.

Plaintiff has no illegitimate or ulterior motives in seeking to enforce his disability civil rights under a pseudonym, he simply wishes to protect his privacy, avoid harm to his mental and emotional health, and avoid damage to his professional career and reputation.

### VII. The factors militating against the use of a pseudonym are very weak when compared to the factors supporting Plaintiff's request.

As in the case of Doe v. Hartford Life and Acc. Ins. Co., the factors supporting the denial of a pseudonym are weak in comparison to the factors supporting its allowance.  The only factor supporting a denial of Plaintiff's motion is:

> the public's general interest in having access to the identity of litigants. However, this interest exists in some respect in all litigation and does not outweigh the strength of the factors in favor of Plaintiff's use of a pseudonym. The issue in this case is primarily a legal one—whether Plaintiff's private interest in anonymity outweighs the presumption of openness in judicial proceedings— and does not turn on the identity of the Plaintiff.  Secondly, Plaintiff is not a public figure which would strengthen the public's interest in knowing his identity. Finally, opposing counsel does not object to Plaintiff's proceeding under a pseudonym and offers no evidence that doing so would in any way prejudice or create an undue hardship since the parties are well aware of Plaintiff's identity.

237 F.R.D. 545 at 550-551.

### Conclusion

For the foregoing reasons, Plaintiff respectfully requests that his motion to proceed under pseudonym be granted by the Court.

Respectfully submitted,

---

[2] *See* fn. 1.

    /s/ Clara R. Smit, Esq.
Clara R. Smit, Esq.
Attorney for Plaintiffs

Dated:  June 21, 2017