

*State of New Jersey*

| | | |
|---|---|---|
| CHRIS CHRISTIE<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO Box 112<br>TRENTON, NJ 08625-0 | CHRISTOPHER S. PORRINO<br>*Attorney General* |
| KIM GUADAGNO<br>*Lt. Governor* | | MICHELLE L. MILLER<br>*Acting Director* |

August 14, 2017

<u>**Electronicly Filed**</u>
The Honorable Robert B. Kugler, U.S.D.J.
United States District Court, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets Room 1050
Camden, New Jersey 08101

>    Re: J.C. v. Rowan University School of Osteopathic
>    Medicine et al.
>    Dkt. No.: 1:17-cv-02778 (RBK)(KMW)

Dear Judge Kugler:

Our office represents Rowan University School of Osteopathic Medicine and Rowan University (collectively "Rowan") in the above-referenced matter. Please accept this letter in lieu of a more formal brief in reply to Plaintiff, J.C.'s opposition to Rowan's Motion to Dismiss.

**TABLE OF CONTENTS**

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**..................... 2

**LEGAL ARGUMENT**.................................................... 2

**POINT I**

J.C. RELIES UPON ALLEGATIONS AND DOCUMENTS EXTRANEOUS TO HIS COMPLAINT AND THEY MUST BE DISREGARDED........................ 2

**POINT II**

J.C. FAILS TO STATE A CLAIM UNDER THE ADA OR REHABILITATION ACT BECAUSE HE DOES NOT SUFFICIENTLY ALLEGE THAT ROWAN DISCRIMINATED



AGAINST HIM ON THE BASIS OF A DISABILITY........................ 4

**POINT III**

J.C. HAS FAILED TO SUFFICIENTLY PLEAD A CLAIM UNDER NJLAD...... 5

**POINT IV**

J.C.'s "CLAIM" FOR DECLARATORY RELIEF SHOULD BE DISMISSED...... 6

**CONCLUSION**................................................... 7

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Rowan relies upon the Statement of Facts and Procedural History as set forth in its opening brief.

## LEGAL ARGUMENT

### POINT I

**J.C. RELIES UPON ALLEGATIONS AND DOCUMENTS EXTRANEOUS TO HIS COMPLAINT AND THEY MUST BE DISREGARDED.**

In response to Rowan's Motion to Dismiss, J.C. relies on numerous documents and allegations that are not included in the complaint. These allegations, the documents that purport to support them, and the legal arguments based on them must be excluded from the court's consideration because they are extraneous to and not integral to the complaint.

When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the court may not "consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Consideration of a motion to dismiss is limited to the pleadings, and legal arguments set forth in a brief should be considered only when they find support in the allegations in the complaint. Pennsylvania ex rel. Zimmerman v.

Pepsico, 836 F.2d 173. The Third Circuit has held that "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Id. (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1984)).

J.C. is improperly attempting to amend the complaint in opposition to Rowan's motion. J.C. includes an affidavit with 25 exhibits not previously appended to and which are not integral to his complaint. He relies upon these new documents to support allegations and make legal arguments in opposition to Rowan's motion. However, these documents and allegations were not included in the complaint and thus may not be raised in opposition to Rowan's Motion. The Third Circuit has stated plainly, "[i]t is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint." Id. See also Hillsborough Rare Coins, LLC v. ADT LLC, 2017 U.S. Dist. LEXIS 67113, at *2, n.2 (May 2, 2017, D.N.J.)("We therefore have constrained ourselves to evaluating the allegations in the Amended Complaint, and we have not considered the affidavit provided by [Plaintiff] in its brief opposing the motion to dismiss.") Accordingly, the extraneous documents, allegations, and arguments thereto must be disregarded.

**POINT II**

**J.C. FAILS TO STATE A CLAIM UNDER THE ADA OR REHABILITATION ACT BECAUSE HE DOES NOT SUFFICIENTLY ALLEGE THAT ROWAN DISCRIMINATED AGAINST HIM ON THE BASIS OF A DISABILITY.**

J.C. has failed to state a claim of disability discrimination under the ADA or Section 504 of the Rehabilitation Act because he has not demonstrated that he was discriminated against on the basis of his disability. Rowan had no notice of J.C.'s alleged disability and he failed to request an accommodation from Rowan. The event that triggered J.C.'s dismissal was his failure to pass the COMLEX exam. Because he did not pass the COMLEX and was not permitted by the test administrator to attempt it again for at least 60 days, it became impossible for him to complete his education within the time required. It was not until after this event, and Rowan began the process to dismiss J.C. in accordance with its policy, that J.C. disclosed his disability and requested a leave of absence in response. J.C.'s post-hoc request for an accommodation does not establish that he was discriminated against on the basis of his disability. See Ferrell v. Howard Univ., No. 9801998, 1999 U.S. Dist. LEXIS 20900 (D.D.C. Dec. 2, 1999).

The cases cited by J.C. are inapposite because they do not address the precise issue here. In Dean, the Second Circuit

considered whether a student's specific request for an accommodation for additional time to study for a licensing exam and the University's counter accomodation was reasonable. Dean v. Univ. at Buffalo School of Med. and Biomedical Sciences, 804 F.3d 178 (2d Cir. 2015). Here, the material issue is not the reasonableness of the accommodation as it was in Dean. J.C. did not even request an accommodation until after the event that triggered his dismissal. Thus, Dean is not instructive. Similarly, Doe was a motion for interlocutory injunctive relief and merely permitted the Plaintiff to sit for a licensing exam during the pendency of the litigation. Doe v. Samuel Merritt Univ., 921 F. Supp. 2d 958 (N.D. Cal. 2013). And like Argenyi and Wong, Doe does not examine the issue of a student who requested a post-hoc accommodation. Argenyi v. Creighton Univ., 703 F.3d 441 (8th Cir. 2013); Wong v. Regents of Univ. of Cal., 192 F.3d 807 (9th Cir. 1999); Doe, 921 F. Supp. 2d 958. For these reasons and the reasons expressed in Rowan's opening brief, J.C.'s ADA and 504 claims should be dismissed.

### POINT III

**J.C. HAS FAILED TO SUFFICIENTLY PLEAD A CLAIM UNDER NJLAD.**

J.C.'s NJLAD claim must be dismissed for failure to state claim. J.C. has not provided a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ.

Pro. 8(a)(2). J.C. merely "incorporates by reference" the preceding 63 paragraphs, and then states in a conclusory fashion that Rowan's conduct violates the NJLAD. This alone is not sufficient to clarify the nature of the claim, and does not provide notice to Rowan as to the basis for J.C.'s NJLAD claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rowan should not be required to sift through J.C.'s previously stated allegations in order to divine the basis for Plaintiff's NJLAD claim, and whether any meritorious defenses exist. Accordingly, J.C.'s NJLAD claim should be dismissed for failure to state claim upon which relief can be granted.

**POINT IV**

**J.C.'s "CLAIM" FOR DECLARATORY RELIEF SHOULD BE DISMISSED.**

For the reasons expressed in Rowan's opening brief, Plaintiffs "claim" for declaratory relief should be dismissed because it is a remedy, not a cause of action.

## **CONCLUSION**

For the reasons expressed in Rowan's opening brief and above, J.C.'s complaint should be dismissed.

Respectfully submitted,

CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY

By: /s Caroline Jones
Caroline Jones (CJ4470)
Deputy Attorney General
Caroline.jones@law.njoag.gov

cc: All counsel via ECF