[Doc. No. 14]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| J.C., <br><br> Plaintiff, <br><br> v. <br><br> ROWAN UNIVERSITY SCHOOL OF OSTEOPATHIC MEDICINE, et al., <br><br> Defendants. | Civil No. 17-2778-RBK-KMW |

**ORDER**

This matter comes before the Court by way of the unopposed Motion filed by Plaintiff seeking to proceed under the pseudonym "J.C." in this action.  Pursuant to Federal Rule of Civil Procedure 78(b), the Court has reviewed the submissions and for the reasons that follow, Plaintiff's Motion is granted.

Plaintiff is a former student of Defendant Rowan University School of Osteopathic Medicine.  Certification of Plaintiff in Support of Motion to File under Pseudonym ("Pl. Cert.") [Doc. No. 14-1] ¶ 1.  Plaintiff alleges that Rowan violated the Americans with Disabilities Act by failing to accommodate his disabilities and dismissing him from the medical school.  *See* Compl.  Plaintiff was diagnosed with generalized anxiety disorder, panic disorder, and obstructive sleep apnea. Pl. Cert. ¶ 2.  Plaintiff certifies that he also experienced symptoms of depression while in medical school.  *Id.*

1

Plaintiff certifies that the aforementioned physical and mental impairments interfere with the operation of his brain and his ability to read, write, learn, concentrate, process information, and take tests under the same conditions as others. *Id.* Plaintiff certifies that he has limited disclosure of his disabilities to family, close friends, and entities bound by confidentiality. *Id.* at ¶ 5.

After being dismissed from medical school, Plaintiff was hired by a pharmaceutical research firm, where he is still employed. *Id.* at ¶ 6. Plaintiff did not disclose his disabilities to his current employer because the responsibilities of the position do not require him to perform the aforementioned major life activities under strict time constraints requiring an accommodation. *Id.* Plaintiff certifies that his employer performs a detailed background search when it considers employees for promotions or new positions, *Id.* at ¶ 7; thus, he would be deprived of his right to keep his disability confidential from current and future employers if he had to proceed using his full name. Pl. Br. 5. Plaintiff certifies that since filing this lawsuit he has experienced increased, severe anxiety and depression symptoms such as excessive worry, fear, increased heart rate, difficulty concentrating, and sleep disturbances. Pl. Cert. ¶ 9. Plaintiff fears that he will be subjected to employment and academic discrimination, immediate and future, if his name is revealed. Pl. Br. 5.

The common law right of access to judicial proceedings and records is well established. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Circ. 2001). Thus, the Third Circuit has made clear that a litigant's use of a pseudonym runs afoul of this principle. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). However, in exceptional cases, such as those involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality," litigants have been permitted to proceed anonymously. *Id.* To this end, the Third Circuit has instructed that in order to proceed anonymously, a litigant must show: 1) "a fear of severe harm," and 2) "that the fear of severe harm is reasonable." *Id.* Moreover, recognizing that it had not previously set out a test for courts to apply to determine whether a litigant's fear outweighs the common law right of access to judicial proceedings, the Third Circuit adopted the test set forth in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D.Pa.1997). *Id.* The test is as follows:

The factors in favor of anonymity included:

(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous

3

party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

On the other side of the scale, factors disfavoring anonymity included:

(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Megless*, 654 F.3d at 409 (internal citations omitted).

First and foremost, Plaintiff seeks to proceed under a pseudonym because he has been diagnosed with several mental health conditions: generalized anxiety disorder, panic disorder, and obstructive sleep apnea. Indeed, other courts within this Circuit have permitted a party to proceed anonymously due to mental health conditions. *Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545, 547 (D.N.J. 2006)(plaintiff suffering from bipolar disorder); *Provident Life*, 176 F.R.D. at 465 (noting that plaintiff suffered from a number of psychiatric disorders including, but not limited to, general anxiety disorder, dysthymic disorder, adult attention deficit disorder, personality disorder). Thus, Plaintiff suffers from the type of conditions that other courts have found warrant

4

consideration of a request to proceed anonymously. Therefore, the Court will address the aforementioned factors in turn.

1) ***Extent to which the identity of the litigant has been kept confidential***

First, it appears that Plaintiff has kept his identity confidential. Plaintiff filed this action under the initials, J.C., and immediately filed a motion to maintain the confidentiality of his identity. Also pertinent to this factor is Plaintiff's representation that he has not disclosed information concerning his disabilities to anyone outside of family, friends or entities that are required to maintain said information as confidential. *See Provident Life*, 176 F.R.D. at 468 (finding that this factor weighed in favor of anonymity where plaintiff, diagnosed with various mental health conditions, sought to keep his identity private from the inception of the case and only revealed his mental illnesses to immediate family, medical providers and his counsel); *see also Hartford Life,* 237 F.R.D. at 550 (factor weighed in favor of anonymity where plaintiff kept his mental illness confidential from his coworkers and colleagues and only revealed same to close friends, family and medical providers). Plaintiff certifies that he has not disclosed his disabilities to his current employer. This factor weighs in favor of anonymity.

2) ***Bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases***

5

Second, Plaintiff has provided an adequate basis to support his fear of disclosure. Plaintiff fears professional repercussions from the public disclosure of his identity and, in turn, his disabilities. In this regard, Plaintiff contends that his current employer conducts background searches when it considers employees for promotions, thus, if his name is disclosed, the fact that he has disabilities would become public knowledge. Plaintiff certifies that his current employer has no knowledge of his disabilities. Thus, he fears he would be subjected to discrimination if his employer, current and/or future, were to discover that he suffers from various disabilities. Moreover, Plaintiff contends that unsealing his name would cause him to be identified publically as an individual with disabilities. *See Provident Life*, 176 F.R.D. at 468 (noting the stigma associated with being identified as suffering from mental illness and the greater risk of a party being stigmatized professionally). This factor weighs in favor of anonymity.

3) ***Magnitude of the public interest in maintaining the confidentiality of the litigant's identity***

Third, Plaintiff contends that there is a substantial public interest in maintaining the confidentiality of his identity because there is no legal requirement that individuals with disabilities disclose same to employers or academic institutions.

6

Thus, Plaintiff contends that denying this Motion would have a chilling effect on individuals who later seek to enforce the laws against discrimination. Courts within this Circuit have considered and endorsed similar arguments. In *Provident Life*, the plaintiff, seeking to proceed under a pseudonym, claimed that the defendant insurance company terminated his disability benefits in bad faith. 176 F.R.D. at 468. In considering this factor, the court found that the public had a strong interest in protecting plaintiff's identity because the public has an interest in preventing the stigmatization of parties with mental illness and, if the court were to deny the use of the pseudonym, it may deter others suffering from mental illness from suing to vindicate their rights. *Id.; see also Hartford Life,* 237 F.R.D. at 550 ("substantial public interest in ensuring that cases like the [p]laintiff's are adjudicated and the rights of mental illness sufferers are represented fairly and without the risk of stigmatization."). Therefore, this factor also weighs in favor of maintaining the confidentiality of Plaintiff's identity.

> ### *4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities*

Fourth, Plaintiff argues that his use of a pseudonym will not impede the public's right to follow the proceedings because only his name will be shielded. All other filings will be otherwise

public. Again, other courts have found this factor to weigh in favor of anonymity where the use of the pseudonym does not otherwise impede the public's ability to follow the proceedings. *See Provident Life*, 176 F.R.D. at 468 (noting that use of pseudonym will not interfere with the public's ability to follow the proceedings as the court intended to keep the proceedings open while maintaining the confidentiality of plaintiff's identity). This factor weighs in favor of anonymity.

### *5) undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified*

Fifth, the Court accepts Plaintiff's representation that if he had to proceed with his full name it would force him to choose between his health and enforcing his civil rights. Plaintiff contends that his clinicians can verify the impact that this litigation has had on his health. While Plaintiff has not provided medical documentation, Plaintiff certifies that he has experienced increased, severe anxiety and depression symptoms such as excessive worry, fear, increased heart rate, difficulty concentrating, and sleep disturbances since filing this lawsuit. Plaintiff also points to the fact that his advancement opportunities could be stymied because his current employer conducts comprehensive background searches for current employees considered for promotions or new positions. Courts have found this factor to weigh in favor of

8

anonymity if there exists the possibility that a party will not pursue its claim due to potential stigmatization from the community or damage to the party's professional reputation. *See Provident Life*, 176 F.R.D. at 468-69; *see also Hartford Life,* 237 F.R.D. at 550.

This factor weighs in favor of granting Plaintiff's request to proceed anonymously.

### 6) *whether the party seeking to sue pseudonymously has illegitimate ulterior motives*

Finally, because there is no evidence before the Court demonstrating that Plaintiff seeks to sue pseudonymously based on an illegitimate or ulterior motive, this factor weighs in favor of granting Plaintiff's Motion.

### 7) *Remaining factors disfavoring anonymity*

As set forth above, the Court must also consider (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. Here, these factors weigh in favor of permitting Plaintiff to proceed pseudonymously because the only factor weighing against same is the public's general interest in access to the identities

of litigants.  Plaintiff is not a public figure nor has this Motion been opposed by counsel, the public, or the press.  Thus, on balance, these factors do not militate against Plaintiff's request to remain anonymous.  *See Hartford Life*, 237 F.R.D. at 551 (finding factors did not militate against the use of a pseudonym where the only factor against plaintiff's use of the pseudonym was the public's general interest in having access to the identity of litigants).  Therefore, most of the factors weigh heavily in favor of permitting Plaintiff to proceed using the pseudonym, J.C.

Consequently, IT IS this **3rd** day of **October, 2017**,

**ORDERED** that the Motion [Doc. No. 14] seeking to proceed under pseudonym is **GRANTED**.  Plaintiff is hereby permitted to proceed in this action using the pseudonym, J.C.

s/ Karen M. Williams<br>
KAREN M. WILLIAMS<br>
United States Magistrate Judge

cc:  Hon. Robert B. Kugler