NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| J.C., | : |
| Plaintiff, | : Civil No. 17-2778 (RBK/KMW) |
| v. | : **OPINION** |
| ROWAN UNIVERSITY SCHOOL OF OSTEOPATHIC MEDICINE and ROWAN UNIVERSITY, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court upon defendant Rowan University School of Osteopathic Medicine's ("Rowan") motion to dismiss plaintiff J.C.'s ("Plaintiff") complaint. For the reasons discussed below, the motion is **GRANTED** in part and **DENIED** in part.

**I.  BACKGROUND**[1]

Plaintiff, a 35-year-old permanent resident of New Jersey, is a former student at Rowan. Rowan is a medical college located in New Jersey. Its medical education culminates with a Doctor of Osteopathic Medicine degree for successful students. Plaintiff commenced his medical education at Rowan in the fall of 2011. After his first year of medical school, he requested and

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Accordingly, for purposes of this motion, the Court adopts and accepts as true the facts as pled in the Complaint.

1

was granted a three month personal leave of absence following a loss in his personal life. Plaintiff successfully remediated his first year of courses and from that point onward achieved satisfactory grades.

Plaintiff attempted the COMLEX Level 1 exam ("COMLEX") for the first time on September 3, 2014. COMLEX is typically taken after completion of the second year of medical school, and a passing score is required to continue in Rowan's medical education program. A student may not fail three times—three failures constitute grounds for dismissal per Rowan's academic policies. Plaintiff failed on his first attempt. After completing a 6-week COMLEX review program, he attempted it for the second time on February 4, 2015. He failed again.

The Student Academic Progress Committee ("SAPC") at Rowan intervened, and mandated that Plaintiff remain off "rotations"[2] until he retook and passed COMLEX. Rowan presented him with the option of a medical leave of absence from March 16, 2015 to May 18, 2015 so that he could work with a professional to evaluate the reasons for his exam performance issues. SAPC also directed that he take a 6-week course to run from May 18, 2015 through June 28, 2015. Plaintiff was expected to retake COMLEX shortly after he completed the course.

Plaintiff subsequently consulted a number of doctors and was diagnosed with Generalized Anxiety Disorder, Panic Disorder, Obstructive Sleep Apnea, as well as symptoms of depression. Plaintiff provided Rowan documentation verifying the existence and limitations caused by his disabilities.

Plaintiff believed a more comprehensive COMLEX preparation course would serve him best. He was required to make this request at a SAPC hearing on April 21, 2015. Plaintiff arrived

---

[2] Rotations are a form of clinical education in medical school where medical students rotate between different types of medicines and specialties.

15 minutes late due to car trouble, and offered documentation to verify it. SAPC would not see him, and decided that he would only be allowed to take the shorter COMLEX preparation course. This course ran from May 18, 2015 through June 28, 2015.

Plaintiff sat for the COMLEX on July 14, 2015, and experienced severe diarrhea and abdominal cramping. He withdrew from the exam after the second test block.

On July 15, 2015, the Chairman of SAPC informed Plaintiff that Plaintiff's deadline to take the COMLEX was July 30, 2015. This was different than the August 31, 2015 deadline later calculated by the medical school's registrar office. On July 29, 2015, Plaintiff experienced anxiety and stress, and his nocturnal treatment for his sleep apnea was disrupted. He could not sleep restfully. He nevertheless sat for the COMLEX on July 30, 2015. Plaintiff experienced a panic attack and severe gastrointestinal upset during the exam. He voided the exam score.

On August 4, 2015, Abby Kurien, M.D., Plaintiff's psychiatrist, recommended that he be granted permission to retake the exam once his medical therapy became effective, which she estimated would be a minimum of four weeks. On August 18, 2015, the National Board of Osteopathic Medical Examiners ("NBOME") advised Plaintiff to consider applying for test accommodations for future administrations of the COMLEX. On August 20, 2015, the Rowan Registrar Office informed Plaintiff that he had three semesters of medical school left.

On August 20, 2015, Plaintiff contacted Assistant Dean Kathryn C. Lambert and requested a medical leave of absence and extension to take the COMLEX. Dean Lambert told Plaintiff to raise his concerns at an SAPC meeting scheduled for September 15, 2015. Plaintiff received a letter dated August 21, 2015, requiring him to appear before the SAPC at that meeting. The letter stated that he would be subject to a dismissal hearing because he would not be able to complete his academic program within a 5-year timeframe.

Plaintiff attended this hearing. He was given 10-12 minutes to present his case and felt anxious and rushed. He provided SAPC 86 pages of medical documents and a personal statement describing the actions that he and his doctors needed to manage his health. Plaintiff once again requested a medical leave of absence and extension to take the COMLEX.

By letter dated September 21, 2015, Plaintiff received a letter from the SAPC recommending his dismissal to the Dean for "failure to complete all required coursework within the maximum timeframe specified for the degree program (not including approved leaves of absence)." By letter dated September 23, 2015, Plaintiff appealed the SAPC's recommendation of dismissal. Plaintiff was given 30 minutes to present his case to the Dean. He once again requested accommodations in the form of a leave of absence and extension to take the COMLEX. On September 29, 2015, the Dean informed Plaintiff that he supported the SAPC's recommendation for dismissal. By letter dated September 29, 2015, Plaintiff contacted Assistant Dean Lambert and requested a leave of absence and extension to take the COMLEX. This request included letters from at least four of Plaintiff's doctors, who recommended a medical leave of absence from August 20, 2015 through October 16, 2015 to help his treatment regime become effective. Rowan rejected this request.

By email dated October 1, 2015, Assistant Dean Lambert told Plaintiff that his request was denied because leaves of absence cannot be used to avoid dismissal for academic or disciplinary reasons.[3] After his dismissal, Plaintiff retained counsel and sought readmission to Rowan. Rowan offered readmission on the condition that Plaintiff retake years of courses that he

---

[3] Rowan's 2014-2015 Handbook states that students are normally limited to two leaves of absences, totaling two years. These approved absences do not count toward the standard five-year completion requirement. Plaintiff did not exceed two years of approved leave. Rowan also offers a lightened course load track which allows students six years to complete the D.O. program.

4

had already completed. Plaintiff maintains that he requires testing accommodations for the COMLEX, but cannot apply for these accommodations because he is no longer enrolled in medical school.

Plaintiff is now suing for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, the New Jersey Law Against Discrimination, N.J. Stat. Ann. 10:5-1, *et seq.*, and for a fourth claim of declaratory relief.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680).  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then

5

determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## III. DISCUSSION

1. <u>Plaintiff Has Properly Pleaded Claims Under The ADA And Rehabilitation Act.</u>

Plaintiff has stated a claim under the ADA and Rehabilitation Act—he sufficiently alleges that he requested an accommodation and that Rowan discriminated against him on the basis of his disability.

To state a claim under either the ADA or Rehabilitation Act,[4] a plaintiff must allege facts showing that "(1) he has a disability, or was regarded as having a disability; (2) he was 'otherwise qualified' to participate in the school activities; and (3) he was 'denied the benefits of the program or was otherwise subject to discrimination because of [his] disability." *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 269 (3d Cir. 2014) (citing *Chambers v. Sch. Dist. Of Philadelphia Bd. of Educ.*, 587 F.3d 176, 189 (3d Cir. 2009)).

A. *Plaintiff has properly pleaded facts showing that he has a disability.*

An impairment is a disability within the meaning of the ADA if it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii).

---

[4] The required standard is the same under both. *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 269 (3d Cir. 2014) (citing *Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 587 F.3d 176, 189 (3d Cir. 2009)).

Plaintiff has pleaded facts sufficient to demonstrate an impaired ability to sleep, read, write, concentrate, learn, work, take tests (such as COMLEX), and more. *See, e.g.*, Compl. This analysis is straightforward and does not require further discussion here.

B. *Plaintiff has properly pleaded facts showing that he was otherwise qualified to participate in medical school.*

Plaintiff appears to have been a qualified participant in medical school. He achieved passing grades and had successfully completed multiple years of coursework. *See* Compl. at 8. He was otherwise qualified to participate in medical school activities.

C. *Plaintiff has properly pleaded facts showing that he was denied the benefits of the program because of his disability.*

Plaintiff has pleaded facts showing that—because of his disability—he could not continue his medical education without an accommodation or a series of accommodations from Rowan. Rowan, however, makes a number of meritless arguments through which it attempts to shift the goalposts of the issue. These will be addressed in turn.

   i.  <u>Plaintiff has pleaded facts showing that Rowan has the ability to grant Plaintiff's requested accommodations.</u>

Rowan argues that Plaintiff has sued the wrong entity. Rowan does not administer the COMLEX and is thus not authorized to grant test accommodations for Plaintiff.

This argument is a red herring. Plaintiff is not requesting testing accommodations from Rowan in this lawsuit. Plaintiff initially requested sufficient leave to allow his treatment regimen to become effective. Now, Plaintiff is simply requesting additional time to complete his medical school education. Rowan can presumably grant this request—Rowan controls the rules at its medical school.

ii. <u>Plaintiff has pleaded facts showing that he requested an accommodation from Rowan.</u>

Rowan maintains that Plaintiff did not request an accommodation from the school. Rowan claims that because Plaintiff "did not make this request until he was facing academic dismissal for failure to complete his coursework within five years (as a result of his failure to pass the COMLEX [] on any of his four attempts," his request was not a legitimate accommodation request. (Def. Br. at 16 ("[Plaintiff's] request for a leave of absence was denied because a student may not use a leave to avoid academic or disciplinary dismissal." (citing Compl.))).

Plaintiff did, however, request an accommodation from the school. He requested sufficient leave to allow his treatment regimen to become effective. He also never requested a waiver of Rowan's three-strike COMLEX policy. The policy requires dismissal upon a student *failing* the exam three times—Plaintiff failed it only twice, a fact Rowan pointedly omits from its briefing. (*See* Compl.; Def. Br. at 16.) Furthermore, the case to which Rowan cites, *Ferrell v. Howard Univ.*, No. 98-1009, 1999 U.S. Dist. LEXIS 20900, at *5, is not only distinguishable but turns on this obvious point. In that case, a medical student failed a licensing exam three times. Howard's policy was to dismiss students who failed three times. *After* failing three times, the student sought an accommodation and the University denied her request.

Rowan's attempt to blur this distinction is ludicrously ingenuine. Here, Plaintiff did not fail three times only to then seek an ex-post diagnosis. Instead, he failed twice, tried to address his issues, and was diagnosed with a litany of problems. He brought his diagnoses to Rowan and they then dismissed him when he asked for an extension of time to seek further medical treatment before sitting for COMLEX again.

Put simply, Plaintiff sufficiently requested an accommodation from Rowan before he was dismissed.

iii. <u>Plaintiff has pleaded facts showing Rowan had notice of Plaintiff's disability.</u>

Plaintiff "provided Rowan documentation verifying the existence and substantial limitations caused by his diagnosed disabilities." (Compl. at 4). Even if Plaintiff did not do so until after his fourth attempt at COMLEX, as Rowan maintains, he nevertheless did so *before* he was dismissed from the school. *Shurb v. Univ. of Tex. Health Science Ctr. at Houston-School of Medicine*, 63 F. Supp. 3d 700, 708-09 (S.D. Tex. 2014) ("The plaintiff, however, bears the burden of requesting reasonable accommodations."). Rowan had notice of Plaintiff's disabilities before he was dismissed on October 1, 2015.

2. <u>Plaintiff Has Pleaded Facts Showing He Is Entitled To Relief Under The New Jersey Law Against Discrimination.</u>

Paragraph 63 of Plaintiff's complaint incorporates by reference the preceding paragraphs of the complaint (1 through 62). As established above, Plaintiff properly pleaded violations of the ADA and Section 504 of the Rehabilitation Act. Paragraph 64 of the complaint asserts that Rowan's conduct is in violation of the New Jersey Law Against Discrimination, N.J.S.A., 10:5-1, *et seq.*, for the reasons set forth in the preceding paragraphs. Rowan maintains that this pleading does not give "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544, 555 (2007).

The Third Circuit, however, has noted how the standards for determining a violation of Section 504 of the Rehabilitation Act and NJLAD are the same as those under the ADA. *See Chisolm v. McManimon*, 275 F.3d 315, 324 n.9 (3d Cir. 2001); *see also Ensslin v. Twsp of North Bergen*, 275 N.J. Super. 352, 364 (App. Div. 1994) (noting the consistency between New Jersey

9

state and federal law regarding discrimination legislation). As such, the pleading gives fair notice of the state law claim and the grounds upon which it rests.

3. <u>Plaintiff's Fourth Count Must Be Dismissed Because Declaratory Relief Is A Remedy, Not A Cause Of Action.</u>

Plaintiff's fourth claim is for "Declaratory Relief." (Compl. at 15). This is a request for a remedy, not an independent cause of action. *Kabbaj v. Google Inc.*, 592 Fed. Appx. 74, 74 n.2; *Neuss v. Rubi Rose, LLC*, No. 16-2339 2017 WL 2367056, at *9 (D.N.J. May 31, 2007). Declaratory relief may ultimately be an appropriate remedy in this case, just like any other. It is not, however, grounds for a lawsuit in and of itself.

Plaintiff's fourth claim is therefore dismissed with prejudice.

**IV. CONCLUSION**

For the foregoing reasons, Rowan's motion to dismiss is hereby **GRANTED** as to claim four ("Declaratory Judgment") and **DENIED** as to claims one, two, and three.


Dated:   01/17/2018                                                   _s/Robert B. Kugler___
                                                                      ROBERT B. KUGLER
                                                                      United States District Judge